NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0774n.06

No. 10-5809

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 18, 2011*

LEONARD GREEN, Clerk

DAVINA TREADWELL,                        )
                                         )
        Plaintiff-Appellant,             )
                                         )
v.                                       )   ON APPEAL FROM THE UNITED
                                         )   STATES DISTRICT COURT FOR THE
AMERICAN AIRLINES, INC.,                 )   WESTERN DISTRICT OF TENNESSEE
                                         )
        Defendant-Appellee.              )


Before:  MERRITT, CLAY and SUTTON, Circuit Judges.


SUTTON, Circuit Judge.  After American Airlines fired her, Davina Treadwell, a Caucasian woman, sued the company under state law, claiming that the airline treated her less favorably than African-American co-workers.  Because she failed to present evidence that would allow a jury to conclude that the company discriminates against Caucasians, we affirm.


I.


Davina Treadwell worked for American Airlines at the Memphis, Tennessee airport.  On February 18, 2006, an ice storm hit Memphis.  Treadwell was American's highest ranking operational employee on duty at the airport at the time.  One of her subordinates, Malcom Horton, an African-American crew chief, was responsible for de-icing an airplane waiting to depart.  Horton failed to perform the task effectively,  leading to a three-hour delay for the plane as well as others

backed up behind it. The plane's captain reported that Treadwell was "at a loss as to how to get [Horton] to make things happen." R.23-2 at 4. American fired Treadwell and Horton as a result of the day's delays.

Treadwell sued the company in Tennessee state court alleging breach of contract and reverse discrimination in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. American removed the lawsuit to federal district court and moved for summary judgment on both claims. Holding that Treadwell was an at-will employee and that she failed to present sufficient facts to support a reverse-discrimination claim, the district court granted the motion in full. Treadwell appealed the court's rejection of the reverse-discrimination claim.

II.

The Tennessee Human Rights Act was designed to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964," as well as other federal civil rights statutes. Tenn. Code Ann. § 4-21-101(a)(1); *see also Parker v. Warren Cnty. Util. Dist.*, 2 S.W.3d 170, 176 (Tenn. 1999). Like the Tennessee courts, we treat employment discrimination claims under the Tennessee Human Rights Act and Title VII as coterminous, applying United States Supreme Court and Sixth Circuit Title VII precedents to claims under the Tennessee law. *See, e.g., Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

That means Treadwell can prevail on her claim in one of two ways: by introducing direct evidence of discrimination or by introducing indirect evidence of it. *See Trans World Airlines, Inc.*

No. 10-5809
*Treadwell v. Am. Airlines, Inc.*

*v. Thurston*, 469 U.S. 111, 121 (1985); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004). In this instance, that would mean evidence that, if believed, requires a finding that Treadwell was fired at least in part because of her race. *See Bartlik v. U.S. Dep't of Labor*, 73 F.3d 100, 103 n.5 (6th Cir. 1996)).

To that end, Treadwell produced the affidavits of two coworkers, who speak generally of seeing "unequal treatment of American Airlines towards Caucasians in comparison to other races." R.28-4 at 1; R.28-5 at 1. Yet these affidavits do not constitute direct evidence of discrimination because they do not allege facts that *compel* the conclusion Treadwell was fired because of her race. Any conclusion one could draw from the affidavits would be indirect, requiring inferences based on the company's treatment of others.

To succeed, then, Treadwell must present *indirect* evidence of discrimination—evidence that permits an inference of illegal discrimination through the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06 (1973). Our circuit has modified that framework for "reverse discrimination" lawsuits filed by individuals who are members of the relevant demographic majority. *See Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004). At the first step, Treadwell bears the burden of showing four things: (1) that the defendant "is that unusual employer who discriminates against the majority"; (2) that she was qualified for the position in question; (3) that she suffered an adverse employment action; and (4) that she was treated

- 3 -

differently than other similarly situated employees. *Arendale v. City of Memphis*, 519 F.3d 587, 603–04 (6th Cir. 2008). If she satisfies these requirements, the burden shifts to American to show a legitimate, non-discriminatory reason for firing her, at which point Treadwell would have to show that American's stated explanation was a pretext for discrimination. *Id.* at 603.

Treadwell's claim never makes it past the first frame, as she fails to offer evidence permitting the inference that the company discriminates against Caucasians as a class. In the past, litigants have met this requirement through a variety of background circumstances: statistical evidence or employment policies showing a history of unlawful consideration of race by the employer, *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003), evidence that the person responsible for the employment decision was a minority, *Zambetti v. Cuyahoga Comty. Coll.*, 314 F.3d 249, 257 (6th Cir. 2002), or evidence of ongoing racial tension in the workplace, *Boger v. Wayne Cnty.*, 950 F.2d 316, 324–25 (6th Cir. 1991).

Treadwell makes no such allegation. Nor has she pointed to any comparable background evidence of discrimination. The sum total of the evidence offered by her is this: (1) identical, conclusory statements by two American employees that they "witnessed unequal treatment of American Airlines towards Caucasians in comparison to other races," and (2) examples of African-American employees who were not fired for on-the-job failings. R.28-4; R.28-5. That is not enough to get to a jury on this claim.

Concrete evidence that American treats "Caucasians [unequally] in comparison to other races," such as a showing that as a class they received lower pay or less vacation time or less overtime or fewer promotions, could satisfy this requirement. But the fact that two other employees share Treadwell's *opinion* that American treated Caucasian employees "unequal[ly]" is not, for our purposes, evidence. "Evidence" requires more than the plural of "opinion."

Nor is there any other evidence of discrimination. Demonstrating "unequal" treatment requires a comparison, and Treadwell has not given us the things we need (or, more to the point, the things a jury would need) to compare. The examples of African-American employees whom the company did not fire for professional mistakes do not suffice because without some comparison to the company's treatment of Caucasian employees they tell us nothing about whether American is "that unusual employer who discriminates against the majority." *Sutherland*, 344 F.3d at 614. The examples simply show that the company sometimes does not fire employees who make mistakes. That by itself is not improper, let alone a violation of Tennessee's civil rights law.

The missing ingredient in Treadwell's claim is information about American's treatment of Caucasian employees that would provide a contrast with its treatment of African-American employees. Her own situation cannot provide that contrast, for it would make little sense to say that the instant claim is itself a key part of the "background circumstances" against which it will be evaluated. Our circuit's heightened standard for reverse-discrimination cases presumes that such discrimination is comparatively rare, and that some indication of impermissible discrimination *in addition to* the plaintiff's own poor treatment is necessary to support an inference of impropriety.

*See Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985). To rule otherwise would treat Treadwell's claim as both the foreground and the background evidence necessary to reach a jury, end-running the logic of the reverse-discrimination burden-shifting framework. Even beyond that, it would circumvent the framework itself. Showing that similarly situated employees of other races were treated differently than the plaintiff is an independent evidentiary requirement, *see Arendale*, 519 F.3d at 603–04, and holding that such evidence also satisfies the background circumstances requirement would collapse a four-legged test into a three-legged one.

The only Caucasian point of comparison offered by Treadwell (other than herself) is Cynthia Hymel. As one of the coworkers who attested to a shared belief that American discriminates against Caucasians, Hymel stated that "I myself am now retired from American Airlines due to similar misconduct[] of American Airlines as that exhibited in" this case. R.28-4 at 3. She offered no elaboration. Even assuming that Hymel is Caucasian, a point not confirmed in the affidavit, this solo assertion of shared mistreatment is too conclusory to save Treadwell's claims from summary judgment. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992).

Treadwell, it is true, tried to secure other evidence that might have saved her case, but her attempt was too little and it was too late. She went a year without taking any depositions or seeking any written discovery from the defense. Then, a week after the discovery period had closed, she asked the district court to reopen discovery and to permit her to take two depositions of defense witnesses. The district court denied the request. Treadwell challenges that decision as part of her appeal, but it was an entirely reasonable exercise of the district court's authority over the discovery

No. 10-5809
*Treadwell v. Am. Airlines, Inc.*

process—and assuredly not an abuse of discretion. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 604 (6th Cir. 2001).

In addition to holding that Treadwell failed to meet the background-circumstances requirement, the district court held that she had not pointed to any instances in which similarly situated employees were treated differently. Because we agree with the district court's conclusion that Treadwell did not establish background circumstances sufficient to suggest an anti-Caucasian bias on the part of American, we need not resolve this alternative ground for summary judgment.

III.

For these reasons, we affirm.