RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MARLEAN A. AMES,

                      *Plaintiff-Appellant*,

    *v.*

OHIO DEPARTMENT OF YOUTH SERVICES,

                      *Defendant-Appellee*.

⎬ No. 23-3341

─────────────────

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:20-cv-05935—Algenon L. Marbley, District Judge.

Decided and Filed:  December 4, 2023

Before:  MOORE, McKEAGUE, and KETHLEDGE, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Edward L. Gilbert, EDWARD L. GILBERT CO., L.P.A., Akron, Ohio, for Appellant.  Cathleen B. Slater, Megan E. Jewett, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

The court delivered a PER CURIAM opinion.  KETHLEDGE, J. (pp. 7–8), delivered a separate concurring opinion.

─────────────────

## OPINION

─────────────────

PER CURIAM.  Marlean Ames sued the Ohio Department of Youth Services under Title VII of the Civil Rights Act of 1964, asserting claims of discrimination based on sexual orientation and sex.  The district court granted summary judgment to the Department, holding that Ames lacked evidence of "background circumstances" necessary to establishing her prima-

facie case for her claim based on sexual orientation, and that Ames lacked evidence of pretext for purposes of her sex-discrimination claim.  We affirm.

I.

We view the evidentiary record in the light most favorable to Ames.  *See Sloat v. Hewlett-Packard Enter. Co.*, 18 F.4th 204, 207 (6th Cir. 2021).

The Ohio Department of Youth Services oversees the confinement and rehabilitation of juvenile felony offenders in the state.  The Department hired Ames, a heterosexual woman, in 2004, and in 2014 it made her its Administrator of the Prison Rape Elimination Act (which the Department referred to as "PREA").  The position was "unclassified," meaning that Ames was an at-will employee who could be dismissed without cause.  Ohio Rev. Code § 124.11.

In 2017, Ames was assigned a new supervisor, Ginine Trim, who is gay.  Trim reported to Assistant Director Julie Walburn.  In a December 2018 performance evaluation, Trim said that Ames met "expectations" in ten competencies and exceeded them in one.  In January 2019, Ohio's governor appointed Ryan Gies to be the Department's Director.  Walburn and Gies are both heterosexual.

In April 2019, Ames applied and interviewed to be the Department's Bureau Chief of Quality.  The Department chose not to hire her for that position.  In a conversation after the interview, Trim congratulated Ames on 30 years of public service, but also suggested that Ames retire.  Four days later, on May 10, 2019, Walburn and Human Resources Administrator Robin Gee called Ames into a meeting where they terminated her as PREA Administrator and gave her the option of returning to her previous position, which would amount to a demotion.  Ames took the demotion, reducing her wages from $47.22 an hour to $28.40.  The Department then selected Alexander Stojsavljevic, a 25-year-old gay man, for the position of PREA Administrator, informing him two business days later of his promotion.  Later, in December 2019, the Department chose Yolanda Frierson, a gay woman, as its Bureau Chief of Quality.

Ames later filed a discrimination charge with the Equal Employment Opportunity Commission, which issued a right-to-sue letter. Ames then brought this suit, in which the district court granted summary judgment. This appeal followed.

## II.

We review the district court's grant of summary judgment de novo. *See Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th Cir. 2010).

Ames sought to prove her discrimination claims by indirect evidence, which required her to show the following: (1) that she was a member of a protected class; (2) that she was subject to an adverse employment decision; (3) that she was qualified for the relevant position; (4) and that her employer treated more favorably a similarly qualified person who was not a member of the same protected class. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016).

### A.

We begin with Ames's claim of discrimination based on sexual orientation, in which she says the Department discriminated against her when it denied her a promotion to Bureau Chief and demoted her from the position of PREA Administrator. Ames is heterosexual, however, which means she must make a showing in addition to the usual ones for establishing a prima-facie case. Specifically, Ames must show "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008) (cleaned up)*; see also Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985).

Whether Ames made the necessary showing of "background circumstances" is the principal issue here. For otherwise Ames's prima-facie case was easy to make: her claim is based on sexual orientation, which is a protected ground under Title VII, *see Bostock v. Clayton County*, 140 S. Ct. 1731, 1737 (2020); she was demoted from her position as PREA Administrator and had held that position for five years, with reasonably good reviews; and she

was replaced by a gay man.  Moreover, for the Bureau Chief position that Ames was denied, the Department chose a gay woman.

Where Ames founders, however, is on the requisite showing of "background circumstances."  Plaintiffs typically make that showing with evidence that a member of the relevant minority group (here, gay people) made the employment decision at issue, or with statistical evidence showing a pattern of discrimination by the employer against members of the majority group.  *See Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 257 (6th Cir. 2002); *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003).  But Ames has made neither showing.  First, Ames was terminated as PREA Administrator by Walburn and Gies, who are both heterosexual.  Ames does argue that Trim, a gay woman, was the person who denied her the position of Bureau Chief and who instead chose Frierson, who is also gay.  But Ames argued in the district court that Walburn and Gies were the decisionmakers for that position, which means that Ames's argument that Trim was the decisionmaker is forfeited.  *See Watkins v. Healy*, 986 F.3d 648, 667 (6th Cir. 2021).  Second, Ames's only evidence of a pattern of discrimination against heterosexuals is her own demotion and the denial of the Bureau Chief position.  Under our caselaw, however, a plaintiff cannot point to her own experience to establish a pattern of discrimination.  *See Sutherland*, 344 F.3d at 615 (requiring statistical evidence beyond plaintiff's own experience to prove pattern); *see also Treadwell v. Am. Airlines, Inc.*, 447 F. App'x 676, 678-79 (6th Cir. 2011).

Ames therefore has not made the necessary showing of "background circumstances."  For that reason her claim of sexual-orientation discrimination fails.

B.

Ames next argues that a jury could find that she was demoted from her position as PREA Administrator because of her sex.  The Department concedes that Ames has stated a prima-facie case as to this claim, because she was replaced by a man.  But the Department has provided nondiscriminatory reasons for her demotion: namely, that Gies had been appointed Director of the Department a few months before, in January 2019; that Gies wanted to improve the Department's performance regarding "sexual victimization[,]" and wanted "people in places that

can fulfill the vision of moving us forward, not just meeting minimum standards"; and that Ames's 2018 evaluation showed she mostly met expectations rather than exceeded them, and needed improvement in some areas.

To demonstrate pretext, a plaintiff must ultimately prove both that her employer's stated reason for the adverse employment decision "was not the real reason for its action, *and* that the employer's real reason" was discrimination. *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015) (en banc). At summary judgment, however, a plaintiff need only produce evidence that would allow a jury to find that her employer's stated reason "is unworthy of credence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000); *see Miles v. S. Cent. Hum. Res. Agency, Inc.*, 946 F.3d 883, 888 (6th Cir. 2020). To that end, a plaintiff can typically create a genuine issue of fact by producing evidence that the employer's stated reason (1) had no basis in fact; (2) did not actually motivate the employer's actions; or (3) was insufficient to motivate the employer's actions. *See Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 515 (6th Cir. 2021).

Ames contends that the Department's reasons for demoting her had no basis in fact. But Gies was in fact appointed in January 2019, a few months before Ames's demotion; and her evaluation the month before was lukewarm in many respects and critical in some others. Specifically, for 10 of 11 of the "competencies" for which Ames was evaluated, her rating was "meets expectations" rather than that she "exceeds" them. And in three areas—providing accurate guidance to "other groups[,]" "[p]erforming day-to-day (routine) administrative tasks[,]" and managing and distributing "all PREA grant-related funds[,]" the report noted that she had "an opportunity to improve[.]" The report therefore provides some support for the Department's stated reasons for demoting her, which means they had some basis in fact. Ames therefore has not created a genuine issue of fact on this ground. *See Miles*, 946 F.3d at 888-89 ("For a plaintiff's challenge to the factual basis of an employer's proffered termination rationale to establish pretext, the plaintiff must provide evidence that the employer's allegations never happened.").

Ames also contends that that the Department has offered shifting justifications for Ames's demotion, which in her view is evidence that the Department's stated reasons did not

actually motivate its decision to demote her. Ames is right that the Department has offered different reasons for her demotion at different times. When Walburn and Gee told Ames about her demotion, they refused to provide any reason for it. Later, before the EEOC, the Department said that it demoted Ames because her position was at-will and that it could remove her at any time without cause. And Gies, in his deposition, said that Ames was not the right person to fulfill his "vision" of exceeding PREA minimum standards rather than just meeting them. Absent some conflict between an employer's nondiscriminatory reasons for an adverse employment decision, however, that the employer offers more than one of them—even at different times—is not enough to create a genuine issue of fact as to pretext. *Miles*, 946 F.3d at 891. Hence this contention likewise falls short.

Finally, the Department's process for promoting Stojsavljevic to the PREA Administrator position was not so irregular as to create a genuine issue as to pretext. On that issue Ames provides no evidence other than her own experience in applying for the PREA Administrator position. Such evidence is insufficient. Nor were Ames's qualifications for that position so "objectively superior" to Stojsavljevic's as to create a genuine issue as to pretext. The district court was correct to grant summary judgment.

*        *        *

The district court's judgment is affirmed.

———————————

**CONCURRENCE**

———————————

KETHLEDGE, Circuit Judge, concurring. I join the court's opinion in full, but write to express my disagreement with the rule that we must apply here. Title VII of the Civil Rights Act of 1964 bars employment discrimination against "any individual"—itself a phrase that is entirely clear—"because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Thus, to state the obvious, the statute bars discrimination against "any individual" on the grounds specified therein. Yet our court and some others have construed this same provision to impose different burdens on different plaintiffs *based on their membership in different demographic groups*. Specifically—to establish a prima-facie case when (as in most cases) the plaintiff relies upon indirect evidence of discrimination—members of "majority" groups must make a showing that other plaintiffs need not make: namely, they must show "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 255 (6th Cir. 2002) (cleaned up) (quoting *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985)).

Our panel is bound to apply this rule here, since Ames claims that the Department discriminated against her because of her status as a heterosexual. As a member of a majority group, Ames must make the requisite showing of "background circumstances"; and, as our opinion explains, she has not done so. Meanwhile, nobody disputes that Ames has established the other elements of her prima-facie case, which would be enough to establish that case if she were a gay person. And Ames's evidence of pretext is notably stronger for this claim than for her sex-discrimination one: twice in one year the Department promoted an arguably less-qualified gay employee in a manner adverse to Ames; and in promoting one of those employees, Yolanda Frierson, the Department circumvented its own internal procedures because Frierson lacked the minimum qualifications for the job. Thus—based our application of the "background circumstances" rule alone—we deny Ames a jury trial on this claim.

The "background circumstances" rule is not a gloss upon the 1964 Act, but a deep scratch across its surface. The statute expressly extends its protection to "any individual"; but our interpretation treats some "individuals" worse than others—in other words, it discriminates—on the very grounds that the statute forbids. Yet five circuits (including our own) have adopted the "background circumstances" rule since the D.C. Circuit first adopted it in 1981. *See Parker v. Balt. & Ohio R. R. Co.*, 652 F.2d 1012, 1017-18 (D.C. Cir. 1981); *Murray*, 770 F.2d at 67; *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 455-57 (7th Cir. 1999); *Hammer v. Ashcroft*, 383 F.3d 722, 724 (8th Cir. 2004); *Notari v. Denver Water Dep't*, 971 F.2d 585, 588-89 (10th Cir. 1992). Two circuits have expressly rejected this rule. *See Iadimarco v. Runyon*, 190 F.3d 151, 157-62 (3d Cir. 1999); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.15 (11th Cir. 2011). Five others simply do not apply it. *See Williams v. Raytheon Co.*, 220 F.3d 16, 18-19 (1st Cir. 2000); *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80-81 & n.5 (2d Cir. 2009); *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 264-65 (4th Cir. 2008); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

Respectfully, our court and others have lost their bearings in adopting this rule. If the statute had prescribed this rule expressly, we would subject it to strict scrutiny (at least in cases where plaintiffs are treated less favorably because of their race). And nearly every circuit has addressed this issue one way or another. Perhaps the Supreme Court will soon do so as well.